## MOORE *v.* OLLSON.

### Opinion delivered November 11, 1912.

1. MORTGAGES—EFFECT OF FAILURE TO ACKNOWLEDGE.—An unacknowledged mortgage is not entitled to record, and its record is of no validity, (Page 242.)

2. SAME—RECORD OF UNACKNOWLEDGED MORTGAGE.—The record of an unacknowledged mortgage is invalid as against a subsequent purchaser who takes with full knowledge that such purchase is defeating the prior lien. (Page 242.)

Appeal from Union Chancery Court; *J. M. Barker,* Chancellor; affirmed.

*Marsh & Flenniken,* for appellants.

The mortgage was good under the Louisiana law. But the mortgage was properly acknowledged under our Arkansas statutes. 33 Ark. 600. Ollson only sold his equity. 33 Ark. 63 does not apply.

*Patterson & Green,* for appellees.

1. The mortgage was not recorded and not notice. Kirby's Dig., § 746, 748; 20 Ark. 190; 35 *Id.* 365; 33 *Id.* 600; 40 *Id.* 536; 32 *Id.* 458, 602.

2. The evidence fails to sustain the contention that the shingle company bought only the equity of Ollson. 41 Ark. 186; 56 *Id.* 82.

SMITH, J. Appellants, who were plaintiffs below, alleged in their complaint, and offered evidence to show, that appellee M. Ollson executed to them a mortgage upon a certain sixty-

acre tract of land, which he owned and which was situated in Union County, Arkansas; that the conveyance was executed for the purpose of securing the payment of a certain note payable to the order of appellants for $458.16. This instrument was dated July 27, 1908, and was filed for record in that county on July 31, 1908. It was contended, and the chancellor held, that the mortgage was an unrecorded instrument. On August 22, 1908, the said M. Ollson executed and delivered to the appellee Loutre Shingle Company a warranty deed, purporting to convey the same land described in the mortgage for the recited consideration of $100. Appellants insist that the shingle company not only knew of the mortgage to them, and that the indebtedness there mentioned had not been satisfied, but they also contend that the assumption of the payment of this indebtedness was a part of the consideration for which Ollson conveyed the land. It will not be necessary to set out here the recitals of this mortgage. There was no certificate of acknowledgment whatever; and, while the parties did appear before a notary public, there was no attempt to acknowledge this instrument substantially as required by the laws of this State.

But appellants do not rely wholly on the contention that the mortgage to them had been recorded and was entitled to record, as they strongly urge the facts to be that the shingle company bought only the equity of Ollson and assumed the payment of this mortgage indebtedness. The officers of the shingle company do not deny having actual knowledge of the existence of the mortgage and that the indebtedness secured by it had not been paid, and they admit reading it in the office of the recorder of Union County. But this knowledge does not make the deed to the shingle company subject to the lien of this mortgage. Only acknowledged instruments conveying land can be admitted to record, and this was an unacknowledged instrument (section 752, Kirby's Digest); and it was said by Judge Eakin in the case of *Martin* v. *Ogden*, 41 Ark. 191: "an unrecorded mortgage, however honestly made, is wholly invalid against attaching creditors or persons obtaining a specific lien, or even subsequent purchasers, who take with full knowledge that they are defeating another's lien, and who intended to do so."

The question as to whether the shingle company assumed the payment of this mortgage indebtedness was one of fact, and it will serve no useful purpose here to review the evidence upon which the chancellor found that the shingle company had not assumed this indebtedness and agreed to pay it. It is sufficient to say that in our opinion this finding was not against a preponderance of the evidence.

Affirmed.